GEORGE V. RUTLEDGE, DEFENDANT, v. COUNTY OF
PASSAIC, PROSECUTOR.

Argued October 1, 1946—Decided November 12, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *Kalisch & Kalisch* (*Isidor Kalisch*).

For the defendant, *Isadore Rabinowitz* and *Nathan Rabino-
witz.*

The opinion of the court was delivered by

BODINE, J.   The writ brings up for review a judgment in
the Passaic Court of Common Pleas affirming a finding of
fact and rule for judgment in the Workmen's Compensation
Bureau by the terms of which the petitioner was awarded
reimbursement in the sum of $160 for treatment rendered by
Dr. A. P. Randazzo, $92 for hospital charges at the Passaic
General Hospital and $2.50 for a surgical belt.   Petitioner
sought no award for temporary or permanent disability be-
cause he had received his salary during the time of his hos-
pitalization and convalescence.

The case is purely one of fact and notwithstanding the find-
ings by the two concurring tribunals we can only find other-
wise.

The award below is based upon a finding that a pre-existing
right inguinal hernia was aggravated as a result of an alleged
accident of September 28th, 1943.   The petitioner testified
on direct examination as follows: *"Q.* Mr. Rutledge, prior to
the date of this alleged occurrence on September 28th, 1943,

had you had any trouble at all with any other part of your groin? *A.* Well, I think on October 16th, 1942, in Judge Delaney's court, I picked up a woman who had fainted after being sentenced to the reformatory, and I had pain in my left groin, and I also reported to the doctor, and he had me go to bed for two weeks. *Q.* On the other side? *A.* That's right. *Q.* You had never had any trouble with this side except in this Weberman episode? *A.* That's right. *Q.* What you are really seeking is reimbursement of your expenses? *A.* That's right. *Q.* There are no complications of the hernia? The hernia was repaired all right? *A.* It was taken care of. *Q.* And there are no other complaints that you have since this operation? *A.* No."

The only testimony as to a pre-existing hernia on the right side originates in the testimony of his physician that he had been consulted on September 10th, 1943, and had advised operative care with respect to the hernia on the right side. In petitioner's statement of October 30th, 1943, he makes no mention of this occurrence.

The only proofs in this case justifying a recovery is the testimony of the physician that the hernia which he says the petitioner had on September 10th, 1943, was aggravated in helping to lift a court clerk in order to take him to the doctor. There is no contention that the statute was complied with (*R. S.* 34:15–12 (x)) ; hence, the only basis for recovery would be if the facts fell within the rule of *Furferi* v. *Pennsylvania Railroad,* 117 *N. J. L.* 508, but we do not think that the proofs justify a finding of a pre-existing hernia. The only proof, however, is the bare statement by the physician. Petitioner did not testify to a pre-existing hernia. His wife, whom the doctor said accompanied him to his office, was not called. The doctor's testimony stands uncorroborated and his interest in the outcome makes the finding of a pre-existing hernia untenable.

The judgment is reversed, with costs.